IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,167






EX PARTE JUAN RAUL NAVARRO RAMIREZ








ORDER TO SHOW CAUSE


ON NOTICE OF NO APPLICATION FOR WRIT OF HABEAS CORPUS


FILED IN CAUSE NO. CR-0551-04-G(1)


IN THE 370TH JUDICIAL DISTRICT COURT


HIDALGO COUNTY






 Per curiam. 

 


O R D E R



 This case is before us because no application for writ of habeas corpus has been
filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071. (1)

 On December 22, 2004, the trial court appointed David K. Sergi to represent
applicant in a post-conviction writ of habeas corpus under Article 11.071. On December
4, 2006, the State filed in this Court its brief on applicant's direct appeal. Pursuant to
Article 11.071, § 4(a), counsel should have filed applicant's application for writ of habeas
corpus in the convicting court no later than January 18, 2007. On January 4, 2007,
counsel timely filed an unopposed motion requesting a 90-day extension for filing
applicant's application. However, the trial court did not grant the motion until January
22, 2007, four days after the original due date for the application. Because the motion
was not granted before the applicable filing date, it was not authorized. Art. 11.071, §
4(b). 

 Notwithstanding this, before the new filing date set by the trial court, counsel filed
a second motion for an extension of time - a motion which counsel should have known
was not authorized by Article 11.071 and would result in an untimely filed application. 
The trial court, without authority, granted counsel's motion and extended the filing
deadline to July 16, 2007. On June 27, 2007, counsel filed a third motion for an
extension of time - another motion which counsel should have known was not authorized
by Article 11.071 and would result in an untimely filed application. The trial court, again
without authority, granted counsel's motion and extended the filing deadline to November
13, 2007. On August 15, the trial court held a hearing on applicant's pro se motion to
remove his writ counsel. The trial court granted applicant's request and removed Sergi as
counsel for reasons unrelated to his failure to timely file an application on applicant's
behalf. 

 Given the fact that no application has been filed and it is well past the statutory due
date, we order David K. Sergi to file an affidavit with this Court setting out good cause
for his failure to timely file the application. Among any other explanation Sergi chooses
to give, he is ordered to specifically answer the following questions:

1. After timely filing the statutorily authorized motion for extension, what steps did
you take, if any, to ensure that it was timely granted?


2. In the initial motion for an extension, you stated that you needed an extension
because an investigator had not been appointed. What steps did you take, if any,
between the time of your appointment in December 2004 and the time of the
motion in January 2007 to ensure that the trial court timely appointed an
investigator or other necessary experts?


3. Why did you file two additional extensions for time when you should have known
that they were not authorized by Article 11.071 and would result in an untimely
filed application?


Counsel's affidavit showing good cause shall be filed in this Court within thirty (30) days
of the date of this order.

 IT IS SO ORDERED THIS THE 2ND DAY OF APRIL, 2008.


Do Not Publish
1. Unless otherwise indicated all references to Articles refer to the Code of
Criminal Procedure.